IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS A. RICHARDSON,　　　　: | |
| 　　　　　　　　　　　　　　　　: | |
| 　　　　Petitioner　　　　　　　: | |
| 　　　　　　　　　　　　　　　　: | CIVIL NO. 4:CV-09-0182 |
| 　　　　　　　　　　　　　　　　: | |
| 　　v.　　　　　　　　　　　　　: | (Judge McClure) |
| 　　　　　　　　　　　　　　　　: | |
| DAVID DiGUGLIELMO, *et al.*,　　: | |
| 　　　　　　　　　　　　　　　　: | |
| 　　　　Respondents　　　　　　　: | |

## **MEMORANDUM**

April 15, 2009

Petitioner Thomas A. Richardson, an inmate confined at the Graterford State Correctional Institution ("SCI-Graterford"), initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. (Record document no. 1.) Richardson challenges his 1978 convictions of Murder of the Third Degree and five (5) counts of Aggravated Assault in Dauphin County, Pennsylvania. (*See* Record document no. 1 at 4.) For the reasons set forth below, the petition will be dismissed as untimely.

## **Background**

The relevant factual background was summarized by the Pennsylvania Superior Court as follows in its July 14, 2008 Memorandum affirming the denial of Richardson's petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons.

Stat. § 9541, *et seq.* ("PCRA"):

> [Richardson] and Michael Rickard had been together during the entire day on November 9, 1977. Having only a pellet gun owned by [Richardson], they acquired a .32 caliber pistol about 8:00 o'clock, P.M. in a separate incident. Later, about 11:15 o'clock, P.M., they separately entered Troutie's Bar in Harrisburg[.] There, while [Richardson] held a gun to the bartender's head, Rickard pistol-whipped and beat two patrons and the bartender's wife about their heads. When a customer unexpectedly walked toward the rest rooms he was ordered by [Richardson] to 'hold it.' Rickard immediately advanced toward and began beating this customer about the head with the pellet gun he was holding. [Richardson] then shot and killed the bartender. Before [Richardson] and Rickard left the bar together, Rickard smashed his gun into the head of another customer and knocked him to the floor.

(Record document no. 7-3 at 4-5.) On February 1, 1978, a jury found Richardson guilty of Murder of the Third Degree and five counts of Aggravated Assault. (Record document no. 7 ¶ 4.) On May 10, 1978, the Honorable William W. Caldwell sentenced Richardson to a term of imprisonment for an aggregate period of thirty-five (35) to seventy (70) years. (*Id.* ¶ 5.) Richardson filed a direct appeal to the Pennsylvania Superior Court raising the single issue of sufficiency of the evidence. (*Id.* ¶ 6.) On June 28, 1979, the Pennsylvania Superior Court affirmed the judgment of sentence. (*Id.* ¶ 7.) Richardson did not seek further review on direct appeal from the judgment of sentence. (*Id.* ¶ 8.)

On January 13, 1988, Richardson filed his first petition for collateral relief under the former Post-Conviction Hearing Act ("PCHA"). (*Id.* ¶ 9.) The trial court

dismissed the petition without a hearing.  (*Id.* ¶ 10.)  Richardson appealed, and the Pennsylvania Superior Court remanded the case for a hearing.  (*Id.*)  Following a hearing, the trial court again dismissed the PCHA petition, and the Superior Court affirmed the dismissal.  (*Id.* ¶ 11.)

On April 20, 1994, Richardson filed a petition for writ of habeas corpus with this Court, docketed at Civil No. 4:CV-94-0578.  (*Id.* ¶ 12.)  By Order dated December 28, 1994, Richard's petition was denied on the merits.  (*Id.* ¶ 13.)

On September 23, 1997, Richardson filed his second petition for collateral relief under the PCRA.  (*Id.* ¶ 14.)  On November 26, 1997, the PCRA court dismissed Richardson's petition as untimely.  (*Id.* ¶ 15; Record document no. 7-3 at 6.)  Richardson did not appeal from the denial of his PCRA petition.  (Record document no. 7 ¶ 15.)

On May 7, 2005, Richardson filed a third petition for collateral relief under the PCRA.  (*Id.* ¶ 16.)  The PCRA court dismissed the petition as untimely, and on July 19, 2006, the Pennsylvania Superior Court affirmed the dismissal.  (*Id.* (citing *Commonwealth v. Richardson*, 907 A.2d 1137 (Pa. Super. Ct. 2006) (table)).  On January 5, 2007, the Pennsylvania Supreme Court denied Richardson's appeal.  *Commonwealth v. Richardson*, 916 A.2d 632 (2007) (table).

On October 9, 2007, Richardson filed his fourth petition for collateral relief under the PCRA. (*Id.* ¶ 17.) The PCRA court denied the petition as untimely, and on July 14, 2008, the Pennsylvania Superior Court affirmed. (*Id.* (citing *Commonwealth v. Richardson*, 959 A.2d 972 (Pa. Super. Ct. 2008) (table)). On January 12, 2009, the Pennsylvania Supreme Court denied Richardson's appeal. *Commonwealth v. Richardson*, 963 A.2d 469 (Pa. 2009) (table).

Richardson filed the instant petition for writ of habeas corpus on January 29, 2009. (Record document no. 1.) On February 2, 2009, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the Court issued a formal notice to Richardson that he either could have his petition ruled on as filed, or withdraw it and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Record document no. 4.) On March 4, 2009, Richardson filed a notice of election requesting that the Court rule on the petition as filed. (Record document no. 5.)

Because it appeared that Richardson's petition may be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244, by Order dated March 10, 2009, Respondents were directed to file a partial response addressing the timeliness of the petition. (Record document no. 6.) On March 26, 2009, Respondents filed their

4

partial response (Record document no. 7), a supporting brief (Record document no. 7-2) and exhibits (Record document no. 7-3).  Richardson filed his reply (Record document no. 8) on April 9, 2009.  Accordingly, the matter is ripe for disposition.

**Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the AEDPA.  *See* 28 U.S.C. § 2244(d)(1).  Section 2244 establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody.  28 U.S.C. § 2244(d)(1).  Under the plain terms of § 2244(d)(1)(A), a state court criminal judgment becomes final, and the statute of limitations begins to run, when appeals have been exhausted or the time for seeking an appeal has expired.  *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001); *see Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); *Kapral v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999).

The Third Circuit Court of Appeals has held that "[t]he statute of limitations for federal habeas petitions is subject to two exceptions: (1) statutory tolling during the time a 'properly filed' application for post-conviction review is pending in state court

5

and (2) equitable tolling, a judicially crafted exception." *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)); *see also Schlueter v. Varner*, 384 F.3d 69, 75-76 (3d Cir. 2004). For the reasons set forth below, Richardson's petition is not timely, and he does not meet the requirements to fall within either of the two exceptions to the statute of limitations.

### A. Statutory Tolling

28 U.S.C. § 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the federal limitations period runs out. Otherwise, there is nothing left to be tolled. *See Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period).

In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final.

6

42 Pa. Cons. Stat. § 9545(b). A judgment becomes final either upon the conclusion of direct review or upon the expiration of the time for seeking direct review. 42 Pa. Cons. Stat. § 9545(b)(3). "'[A] petition where the judgment of sentence became final before the effective date of the [1995] amendments [to the PCRA] shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of the [1995] amendments [to the PCRA].'" *Commonwealth v. Voss*, 838 A.2d 795, 799 (Pa. Super. Ct. 2003) (quoting *Commonwealth v. Thomas*, 718 A.2d 326, 328 (Pa. Super. Ct. 1998)). "'Because the effective date of the amendments is January 16, 1996, the operative deadline for first-time PCRA petitions is January 16, 1997.'" *Voss*, 838 A.2d at 799 (citing *Commonwealth v. Crider,* 735 A.2d 730, 732 (Pa. Super. Ct. 1999) (citations omitted)).

In the instant case, Richardson's conviction became final in 1979 upon the conclusion of appellate review of his judgment of sentence. Because his conviction became final before the AEDPA was passed, the one-year limitation period began to run on its passage date, which was April 24, 1996. *See Kindler v. Horn*, 542 F.3d 70, 76 n.5 (3d Cir. 2008) (citing *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998); *Miller v. N.J. State Dept. of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998)). Therefore, the AEDPA statute of limitations expired on April 24, 1997. Richardson filed his first petition under the PCRA on September 23, 1997, which was after the

expiration of the January 16, 1997 deadline to file a timely first-time PCRA petition. *See Voss*, 838 A.2d at 799. Even if his September 23, 1997 PCRA petition had been timely filed, it also was filed after the federal limitations period's expiration on April 24, 1997, and thus, there was nothing left to be tolled. *See Tinker,* 255 F.3d at 1333. Because the subsequent PCRA petitions filed on May 5, 2005 and October 9, 2007 also were untimely under state law and were filed after the federal limitations period had run out, they also did not toll the statute of limitations. Accordingly, Richardson is not entitled to statutory tolling.

### B.     Equitable Tolling

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted).

Extraordinary circumstances have been found where (1) the defendant has

actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).  However, even where extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Richardson has not asserted any extraordinary circumstances that would allow him to benefit from equitable tolling.  Rather, in his reply, Richardson argues the ground asserted in his petition that his sentence is illegal because he has had to serve a sentence for his assault conviction in addition to a sentence for his murder conviction, while his co-defendant only had to serve a sentence for his assault conviction.  (*See* Record document no. 8.)  Inasmuch as Richardson's arguments go to the merits of the instant petition, they do not constitute a basis for equitable tolling.

**<u>Conclusion</u>**

For the foregoing reasons, the petition for writ of habeas corpus (Record document no. 1) will be dismissed as untimely. Based upon the above analysis, a certificate of appealability will be denied. However, Richardson is advised that he has the right for thirty (30) days to appeal the Order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(1)(a)(A), and that the denial of a certificate of appealability does not prevent him from doing so, as long as he seeks, and obtains, a certificate of appealability from the United States Court of Appeals for the Third Circuit. *See* Fed. R. App. P. 22(b). An appropriate Order will enter.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS A. RICHARDSON,              :
                                   :
    Petitioner                     :
                                   :     CIVIL NO. 4:CV-09-0182
                                   :
    v.                             :     (Judge McClure)
                                   :
DAVID DiGUGLIELMO, *et al.*,       :
                                   :
    Respondents                    :

## ORDER

April 15, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1.    The petition for writ of habeas corpus (Record document no. 1) is **DISMISSED** as time-barred by the statute of limitations. *See* 28 U.S.C. § 2244(d).

2.    The Clerk of Court shall **CLOSE** this case.

3.    A certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c).

                                             s/ James F. McClure, Jr.
                                             JAMES F. McCLURE, JR.
                                             United States District Judge